IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cr-30098-SMY |
| | ) |
| LEROY TURNER, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Pursuant to a written plea agreement Defendant Leroy Turner pled guilty to a four-count Indictment charging him with distribution of methamphetamine. He was sentenced on January 29, 2019 to a total term of 120 months of imprisonment (Docs. 32, 36, 1, 24-25). He is currently housed at FCI-Greenville, and his projected release date is October 8, 2028.

Now pending before the Court is Turner's Motion for Compassionate Release pursuant to the First Step Act of 2018 (Doc. 40). The Government has responded in opposition (Doc. 48).

## Discussion

COVID-19 is a contagious virus. Individuals with serious underlying medical conditions, such as serious heart conditions and chronic lung disease, and those who are 65 years of age and older carry a heightened risk of illness from the virus. As of April 2, 2024, there were 2 positive COVID-19 case among inmates at FCI-Greenville. *See* https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited April 3, 2024).

Turner is 30 years old and is considered overweight. He has refused the COVID-19 vaccination (Doc. 48-2). He contends that given his obesity, he is more susceptible to severe illness should he contract COVID-19. He also asserts that extraordinary and compelling reasons

for his release exist because his assistance is necessary to care for his infirmed father. Finally, Turner asserts that his rehabilitation while incarcerated is sufficient to present extraordinary and compelling reasons for his release.

## Discussion

Turner has refused the opportunity to get vaccinated against COVID-19 (Doc. 48-2). His refusal to take preventive measures undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison. See *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). Further, Turner has provided no evidence that he is medically unable to receive or benefit from the vaccine. *See United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021); *see also United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022). As such, Turner does not present an extraordinary and compelling reason for his release based upon possible exposure to COVID-19.

Turner also asserts that extraordinary and compelling reasons exist for his release to allow him to care for his father who has suffered various medical issues. However, he has not established that he is the only person who can provide care for his father. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). In fact, he has provided no information or evidence as to what care his father necessitates, whether his mother needs help in caring for his father and/or how much help his mother may need to care for his father. Thus, he has failed to present extraordinary and compelling reasons for his release based upon his request to care for his father.

Finally, Turner also asserts that he has been rehabilitated while incarcerated. He alleges that he has completed classes, been incident free, has no detainers or outstanding warrants, and has used his time constructively. The Court notes, however, that Turner has not been incident free.

He had four disciplinary incidents between July 2021 and March 2023 (Doc. 48-3). And the BOP has categorized Turner as a medium risk to recidivate (Doc. 48-4). Thus, Turner's claim to have been rehabilitated is unsupported by the evidence.

For the foregoing reasons, Defendant's Motion for Compassionate Release (Doc. 40) is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 3, 2024

**STACI M. YANDLE**
**United States District Judge**